Curia, per O’Nball, J.
In this case, we do not think an appeal lies from the final order of the commissioner of special bail. The act of 1833, in none of its provisions, gives a clear right of appeal. It is only from terms used in the 4th section, and a liberal construction of them, that an implication arises of an intention on the part of the legislature to allow an appeal to either party, from the finding of the jury directed by that act to be impanelled to try questions of fraud and undue preference, or the allegation that the prisoner had gone beyond the prison rules. After an appeal from the verdict has been heard and decided, and the prisoner has been directed to be discharged upon assigning his schedule, and delivering to the assignee the property mentioned therein, which has been in his powervsince his arrest, the act does not, in any way, speak of another appeal for any supposed error in the discharge of this duty. If an appeal be not given directly, nor by implication, by the act, none can be allowed; for, before the act of 1833, no appeal lay, under any circumstances, from the decision of the commissioner of special bail. The legislature have only thought proper to give the right of appeal in a single instance. So far, the jurisdiction of the commissioner of special bail has been divested of its exclusive character: but in all other respects, it remains unaltered. If the commissioner of special bail commits an error in matter of law, in the final order of discharge, his error in that respect may be corrected by writ of certiorari. The State v. Senft & Prioleau, 2 Hill. 367.
On looking into the brief, and a statement made by Mr. Rosborough, the commissioner of special bail, furnished since the argument, I think he did that which was right. By the last document, it seems that the plaintiff had been paid $2657, 00, out of $4385 50, leaving due to him $1728 50: the schedule, with the proceeds of three horses and a bale of. cotton sold by the sheriff, amounts to $1903 42, exceeding the debt to the plaintiff. Prima facie, this shows an abundance to satisfy him.
The defendant, it seems, offered to deliver to the plaintiff’s attorney (Mr. M’Allilly) the property and choses in action assigned, except a black horse. The offer to deliver to the attorney, when the plaintiff lived in another state, was all which the de *48 fendant could do. So far, therefore, as that went, he was entitled to his discharge. The black horse had been seized and taken by the sheriff in execution, and left in the possession of the defendant, under a bond executed by him and his sureties, for the delivery of the said horse to the sheriff, for the purpose of sale under the levy. The defendant had no power to deliver that which was in the possession of the law. The plaintiff could receive no injury in this respect; for, if entitled to the horse, his remedy under the assignment was plain against the sheriff for the horse, or if sold, for the proceeds.
Gregg and M’Allilly, for the motion.
The motion is dismissed.v
Gantt, Evans, Richaedson, Eaele, and Butlee, Justices, concurred.